UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD J. ALFORD, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:07-CV-23 RM |
| ) | (Arising out of 3:05-CR-62(01) RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

On October 28, 2005, Donald Alford pleaded guilty to two counts of a superseding indictment charging him with being a felon in possession of a firearm (Count 1), in violation of 18 U.S.C. §§ 922(g)(1), 924(a), and 924(e), and possession of a firearm in furtherance of a drug trafficking crime (Count 5), in violation of 18 U.S.C. 924(c). At sentencing, the court determined that Mr. Alford qualified as an armed career criminal under 18 U.S.C. § 924(e) based on his three prior convictions for distribution of controlled substances. The court further determined that because Mr. Alford was eligible on Count 1 for a 15-year mandatory minimum sentence, a result not contemplated by the parties when entering into the plea agreement, *see* Plea Agreement, ¶¶ 9(b) & 9(c), Mr. Alford should be allowed to withdraw his guilty plea to Count 5, and the government dismissed that count. Mr. Alford was sentenced, on March 17, 2006, to a term of 262 months imprisonment; a three year term of supervised release and a $100 special assessment were imposed, as well. Mr. Alford didn't file an appeal.

On January 12, 2007, Mr. Alford filed a petition under 28 U.S.C. § 2255, asking that his sentence be vacated or set aside based on his claim that the court erred in its determination that his three prior drug convictions qualified as "serious drug offenses" under 18 U.S.C. § 924(e). This court denied Mr. Alford's petition because his plea agreement contained his agreement to waive his right to file an appeal or a § 2255 petition challenging his conviction or sentence. *See* April 9, 2007 Opinion and Ord. (docket # 70); Plea Agreement (docket # 41), at 3-4. The Seventh Circuit Court of Appeals denied Mr. Alford's appeal of the denial of his § 2255 petition on January 17, 2008.

Mr. Alford is now before the court having filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4) in which he asks the court to reopen his § 2255 proceeding to consider his request to vacate his illegal sentence. He complains that the court dismissed his § 2255 petition without addressing the merits of his claim. According to Mr. Alford, "for the district court to use an inapplicable and erroneous waiver and erroneously decide that the issue presented in [his] § 2255 [petition] was noncognizable under § 2255 as a procedural bar was completely inconsistent with Constitutional due process and was beyond the district court's authority under the law. Therefore, the district court's judgment in [his] § 2255 proceeding is void. This void judgment, being a nullity, should be vacated and [his] § 2255 proceeding should be re-opened and [he] be allowed to proceed on his previous meritorious issue raised in his original § 2255 [petition]." Mot., at 7.

Because Mr. Alford's Rule 60(b) motion can be addressed without having to consider the merits of his § 2255 petition, the court won't view his motion as a second or successive habeas petition. *See* Gonzalez v. Crosby, 545 U.S. 524, 533 (2005) ("When no 'claim' is presented, there is no basis for contending the Rule 60(b) motion should be treated as a habeas corpus application."). But to the extent Mr. Alford asks in his Rule 60(b) motion that the court also address the merits of his claim that the sentence he received for his violation of 18 U.S.C. § 922(g)(1) was illegally imposed, his motion must be construed as a second or successive habeas petition directed to the wrong court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (if the Seventh Circuit has not authorized petitioner to bring a successive petition, the district court has "no option other than to deny the petition").

A motion under Federal Rule of Civil Procedure 60(b), made applicable to § 2255 proceedings by Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts, allows a party to seek relief from a final judgment and request reopening of his case under a limited set of circumstances, including entry of a void judgment. Fed. R. Civ. P. 60(b)(4). A movant seeking relief under Rule 60(b) is required to show "extraordinary circumstances" justifying the reopening of a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005);

3

Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006). "Such circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. at 535.

Mr. Alford argues that his § 2255 proceedings should be reopened based on his claim that the court's use of "an inapplicable and erroneous waiver" to bar his § 2255 claim was "inconsistent with Constitutional due process and beyond the district court's authority under law." Mot., at 7. The court can't agree. Mr. Alford's plea agreement, signed by Mr. Alford, his attorney David Weisman, and Assistant United States Attorney Donald Schmid, contains the following language in paragraph 9(d):

> (d) I understand that the offense(s) to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. I agree that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence, and any restitution order to any court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, my sentence, or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742, or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

As already noted, the court "went through that waiver proceeding carefully in [the change of plea] proceedings on October 27, 2005." Op. and Ord. (Apr. 9, 2007), at 1-2.

4

A plea agreement with a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, as when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is in excess of the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005). Mr. Alford hasn't alleged that his counsel was ineffective in negotiating the plea or the waiver of his right to challenge his sentence contained in his plea agreement, Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000), and his 262-month sentence didn't exceed the life sentence that could be imposed for a violation of 18 U.S.C. §§ 922(g) and 924(e). Mr. Alford's § 2255 claim doesn't relate to the negotiation of the waiver of his right to appeal and so is foreclosed by his plea agreement, in which he expressly waived his right to appeal or challenge his conviction and sentence and the way in which the conviction and sentence were determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Thus, the court's dismissal of his § 2255 petition wasn't in error.

A judgment is void under Rule 60(b)(4) if the court rendering the judgment lacked jurisdiction over the parties, the subject matter, or if it acted in a manner inconsistent with due process of law. Robinson Engineering Co., Ltd. Pension Plan and Trust v. George, 223 F.3d 445, 448 (7th Cir. 2000). Mr. Alford hasn't alleged that the court lacked jurisdiction over the parties or the subject matter of this case, and his unsupported, conclusory claim that he "was denied any semblance

5

of Constitutional due process in his § 2255 proceeding" is insufficient to establish any due process violation. Mr. Alford hasn't demonstrated the "extraordinary circumstances" necessary to prevail on his Rule 60(b)(4) motion.

Because the April 9, 2007 order dismissing his § 2255 petition doesn't constitute a "void" judgment, Mr. Alford isn't entitled to the relief he seeks, and the court DENIES his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) [docket # 98 in Cause No. 3:05-CR-62(01)RM and docket #26 in Cause No. 3:07-CV-23RM].

SO ORDERED.

ENTERED:  March 22, 2011 

  /s/ Robert L. Miller, Jr.  
Judge, United States District Court